PER CURIAM.
The following chronology demonstrates that this court does not have jurisdiction of this case:
(a) On September 4, 1975, a jury rendered a verdict finding appellant guilty of robbery.
(b) On October 29, 1975, the judgment and sentence appealed from was recorded.
(c) On November 5, 1975, appellant filed a Motion for New Trial.
(d) On November 13,1975, the trial court denied the Motion for New Trial.
(e) On December 4, 1975, appellant filed his Notice of Appeal.
Fla.R.Crim.P. Rule 3.590(a) provides that a Motion for New Trial be made within 4 days after the rendition of the verdict or within such greater time as the court may allow, not to exceed 15 days. In order for a Motion for New Trial to extend the time for taking an appeal from a judgment and sentence the Motion for New Trial must be timely. 2 Fla.Jur., Appeals § 95, p. 434. However, in this case the Motion for New Trial was not timely and thus it should have been stricken instead of denied; the motion could not have the effect of extending the time for taking an appeal. Ibid. Therefore, this Court is without jurisdiction to entertain this appeal on the merits.
Accordingly, this appeal is
DISMISSED.
CROSS, DOWNEY and LETTS, JJ., concur.